944 F.2d 903
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
NITED STATES of America, Plaintiff-Appellee,
v.
Michael D. WILLIAMS, Defendant-Appellant.
 No. 90-5400.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1991.
Decided Sept. 13, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CR-89-263)
 Robert D. Jacobs, Bickley, Jacobs & Barkus, Charleston, W.Va., for appellant.
 Michael W. Carey, United States Attorney, J. Kirk Brandfass, Assistant United States Attorney, Charleston, W.Va., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Michael D. Williams was convicted by a jury of conspiracy to distribute cocaine base, or crack (21 U.S.C. § 846) and appeals his conviction and sentence. We affirm.
 
 
 2
 Williams filed numerous pretrial motions including a motion to suppress evidence seized from him. He then pled guilty, but withdrew his guilty plea. After trial was scheduled, Williams filed a motion to suppress statements he made after his arrest. On the eve of trial, he filed a new motion to suppress physical evidence taken during an allegedly illegal search of his car. The district court found that the motion was untimely, but heard a proffer of Williams' evidence and the government's response. We agree that Williams failed to timely file the motion to suppress physical evidence--defense counsel was aware of the pertinent facts in ample time to timely file the motion and yet waited until the eve of trial. Compare United States v. Chavez, 902 F.2d 259 (4th Cir.1990) (motion to suppress filed eleven days before trial; delay attributable to evidence withheld by the government). Because we rarely grant relief from denials of untimely suppression motions, id. at 263, and because Williams has not established proper justification for the delay, we find no clear error in the order of the district court. Id. Moreover, even if we were to review the merits of the motion to suppress, we would agree with the district court.
 
 
 3
 Williams argued that police lacked probable cause to stop him for having expired California license tags because the car was in fact properly registered in California although the yearly sticker had not been put on the plates. The district court found that there was probable cause for a good-faith stop of the vehicle, and that probable cause for Williams' arrest on drug charges developed thereafter. We find no clear error in these rulings.
 
 
 4
 Williams also challenges the two-level increase in offense level he received under U.S.S.G. § 3B1.1(c) for being the leader of a smallscale drug operation. The district court's determination that a defendant had a leadership role in the offense is a factual question reviewed under the clearly erroneous standard. United States v. Sheffer, 896 F.2d 842 (4th Cir.), cert. denied, 59 U.S.L.W. 3246 (1990). There was evidence before the sentencing court that Williams had control of the cocaine being sold and that all other participants worked under Williams' direction. The district court's determination was therefore not clearly erroneous.
 
 
 5
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.